IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BENJAMIN TILLEY, | ) |
|                 Plaintiff, | ) |
| | ) Case No. 19-cv-00534-GKF-JFJ |
| vs. | ) |
| | )       COMPLAINT |
| (1)   EQUIFAX INFORMATION SERVICES, INC., | ) (Unlawful Credit Reporting) |
| (2)   TRANS UNION, LLC, | ) |
| (3)   ELDORADO MOTORS, LLC, | )   JURY TRIAL DEMANDED |
| (4)   PROFESSIONAL SOLUTIONS GROUP, LLC | ) |
| AND | ) |
| (5)   RICK JOE BECK | |
|                 Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, Ben Tilley, and for his Complaint against Defendants, Equifax Information Services, Inc., Trans Union, LLC, Eldorado Motors, LLC, Professional Solutions Group, LLC and Rick Joe Beck, alleges as follows:

## BRIEF OVERVIEW

In May, 2011, Mr. Tilley purchased a used vehicle from Eldorado Motors, L.L.C ("Eldorado"). Though Eldorado had advertised the vehicle for less, Eldorado ended up selling the vehicle to Mr. Tilley for $6,995, rolled around $10,000 from a previous Eldorado clunker vehicle loan into his new loan, and provided Mr. Tilley with a trade-in credit of only $700 for the clunker they sold him just months prior. This second vehicle was also clunker, and soon Mr. Tilley was unable to keep up with the cost of repairing the vehicle plus maintain the bi-weekly payments required. The vehicle was ultimately repossessed in 2013. Eldorado sold the vehicle at auction in September, 2013 *for less than $500*, leaving around a $10,000 deficiency on the loan.

Mr. Tilley never heard from Eldorado again, and in 2017, Eldorado abruptly closed all of its used car dealerships.

In the Summer of 2018, while preparing to apply for a home mortgage, Mr. Tilley checked his credit report and noticed that Eldorado was reporting the account as a recent repossession. Mr. Tilley called Eldorado (at the number as listed on his credit report), and Eldorado (apparently still in operation servicing its loans) told him that it no longer owned his account, despite actively reporting to his credit. According to Eldorado, Mr. Tilley's account was charged off and sold to an Oklahoma City debt buyer. In October, 2018, Mr. Tilley again called Eldorado to request that his credit report accurately reflect that it was a charge-off instead of an recent repossession, but Eldorado was unhelpful, and the person he spoke with seemed very annoyed with his request. In November, Mr. Tilley's lender pulled his credit report again and, remarkably, Eldorado maliciously increased balance from $10,523 to a truly staggering amount – *over One Million Dollars!*

Mr. Tilley made calls and sent faxes and letters to dispute this unbelievable balance to both the credit reporting agencies and Eldorado, which only resulted in the credit reporting companies sending Mr. Tilley letters stating that the account information, including the ridiculous *$1,052,309.00 balance*, was verified as accurate. Frustrated, at the suggestion of a lender, Mr. Tilley hired a credit repair company to dispute the accuracy of the Eldorado account. The credit repair company sent more letters to the Defendants Equifax and Trans Union, but each letter resulted in Eldorado "verifying" the *$1,052,309.00 balance* and Defendants Equifax and Trans Union stating through letters and phone calls that they "investigated" his dispute, but ultimately refused to correct the account balance, despite the remarkable increase in balance from $10,523 reported in October, 2018, to the $1,052,309.00 reported in November, 2018.

After the credit repair company's attempts were unsuccessful, Mr. Tilley sent more letters and made calls to Defendants Eldorado, PSG, Equifax and Trans Union again pleading for their help in correcting this obvious error. Mr. Tilley then sent each of the credit reporting agencies documents showing the original vehicle purchase price and the deficiency balance. However, each time, Defendant Eldorado verified the million dollar balance as "accurate," and, remarkably, Defendants Equifax and Trans Union's "investigation" resulted in each of these companies sending Mr. Tilley letters stating that the account was accurate and would not be removed from his credit report. The $1,052,309.00 account remains there today, necessitating this litigation in order to correct Mr. Tilley's credit report.

### JURISDICTION

1.      This is an action for actual, statutory and punitive damages brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]), the Fair Debt Collection Practices Act (15 U.S.C. §1682 et. seq [hereinafter "FDCPA"]) and the common law tort of defamation.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") to eliminate abusive debt collection practices by debt collectors, collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §1331. Further, Plaintiff respectfully requests that this Honorable Court exercise supplemental

jurisdiction over all non-federal claims as this set of allegations and claims constitute a single action and should be heard in the same cause. 28 U.S.C. § 1367.

## VENUE

3.      The Plaintiff is a natural person and legal resident of Broken Arrow, Oklahoma. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Oklahoma, and a substantial part of the events or omissions giving rise to the claims herein occurred in Oklahoma.

4.      Defendant Equifax Information Services, Inc. ("Equifax") is a consumer reporting agency that regularly conducts business in the Northern District of Oklahoma.

5.      Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Northern District of Oklahoma.

6.      Defendant Eldorado Motors is the Oklahoma-registered tradename for Eldorado Motors, LLC, now inactive after being terminated by the Oklahoma Secretary of State in February, 2019. Rick Joe Beck is the Registered Agent for Eldorado Motors, LLC and believed to be the principal of Eldorado Motors, which is believed now to be operating as a sole proprietorship of Mr. Beck.  The registered office is located at 100 E. California St., STE 300, Oklahoma City, OK.

7.      Professional Solutions Group, LLC ("PSG") is a "debt collector" as defined by 15 U.S.C. §1692a(6).  The principal purpose of PSG is the collection of debts using the mails and telephone and other means. PSG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

8.      Rick Beck is the Registered Agent for PSG and believed to be the principal of PSG.  PSG maintains an office at 4216 N. Portland Ave., Suite 205, Oklahoma City, Oklahoma. The registered office for PSG is located at 2508 Jeannes Trail, Edmond, Oklahoma.

9.      Rick Beck is an owner and/or officer and/or director of PSG. Rick Beck actively manages PSG and directs its company policies.  Rick Beck directly or indirectly instructed the employees of PSG to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below. Rick Beck regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes. Rick Beck uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Rick Beck is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     Upon information and belief, Defendant PSG reported some of the false information to Equifax and Trans Union on behalf of Defendant Eldorado.

11.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### GENERAL ALLEGATIONS

12.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

13.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least November 2018 through present.

14.     The inaccurate information includes, but is not limited to, the reporting of a balance of $1,052,309.00 plus a false date of repossession in October, 2018, over 5 years from the date of the actual repossession of the vehicle.

15.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and issuance of consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown from at least November 2018 through the present.

17.     Plaintiff has applied for and has been denied various loans, extensions of consumer credit and subjected to higher interest rates.  Plaintiff has been informed that the basis and/or substantial factor for those denials and higher interest rates was the inaccurate information that appears on Plaintiff's credit reports.

18.     Plaintiff has also been deterred from applying for other loans due to the grossly false information reported by Defendants causing him to fear denial and an even worse credit score after every denied application. Plaintiff has lost credit opportunities as a result of the Defendant's inaccurate information.

19.     Plaintiff is employed in a credit-sensitive job and has had inquiries from his employer regarding the false information on his credit report. Plaintiff fears for his job security due to the false information reported by Defendants.

20.     Plaintiff has notified each Defendant numerous times that it is reporting the inaccurate information on his consumer reports.

21.     Despite these notifications by Plaintiff, each Defendant has failed to properly reinvestigate and delete the inaccurate information from Plaintiff's credit reports.

22.     Defendants continue to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published false information and disseminated consumer reports to such third parties from at least November 2018 through the present.

23.     At all times pertinent hereto, Defendants were acting by and through their respective agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the respective Defendant herein.

24.     At all times pertinent hereto, the conduct of each Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ELDORADO MOTORS, PSG, and RICK JOE BECK

25.     Mr. Tilley realleges the above paragraphs as if recited verbatim.

26.     After being informed by Equifax, Trans Union, and Mr. Tilley himself of the inaccurate information, Eldorado, PSG and Rick Joe Beck negligently failed to conduct a proper reinvestigation of Mr. Tilley's dispute as required by 15 U.S.C. §1681s-2(b)[1].

---

[1] 15 U.S.C. 1681s-2(b) Duties of Furnishers of Information Upon Notice of Dispute
(1) In general
After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
(A) conduct an investigation with respect to the disputed information;

27.     Eldorado, PSG and Rick Joe Beck negligently failed to review all relevant information available and provided by Equifax, Trans Union and Mr. Tilley in conducting reinvestigation as required by 15 U.S.C. 1681s-2(b). Specifically, Eldorado, PSG and Rick Joe Beck failed to direct Equifax and Trans Union to appropriately update the inaccurate information.

28.     The inaccurate information creates a misleading impression on Mr. Tilley's consumer credit file with Equifax and Trans Union.

29.     As a direct and proximate cause of Eldorado's, PSG's and Rick Joe Beck's negligent failure to perform its duties under the FCRA, Mr. Tilley has suffered actual damages, including out-of-pocket losses, credit denials, loss of credit opportunities, loss of time, and harm to quality-of-life, mental anguish, suffering, humiliation and embarrassment.

30.     Eldorado, PSG and Rick Joe Beck are each liable to Mr. Tilley by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

31.     The Plaintiff has a private right of action to assert claims against Eldorado, PSG and Rick Joe Beck arising under 15 U.S.C. 1681s-2(b).

## COUNT II
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY ELDORADO MOTORS, PSG, and RICK JOE BECK

---

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

32.     Plaintiff realleges the above paragraphs as if recited verbatim.

33.     After being informed of the inaccurate information by Equifax, Trans Union, and

Mr. Tilley himself, Eldorado, PSG and Rick Joe Beck willfully failed to conduct a proper

reinvestigation of Mr. Tilley's dispute.

34.     Eldorado, PSG and Rick Joe Beck willfully failed to review all relevant

information available to it and provided by Equifax, Trans Union, and Mr. Tilley himself as

required by 15 U.S.C. 1681s-2(b).

35.     As a direct and proximate cause of Eldorado, PSG and Rick Joe Beck willful

failure to perform its respective duties under the FCRA, Mr. Tilley has suffered actual damages,

including out-of-pocket losses, credit denials, loss of credit opportunity, loss of time, and harm to

quality-of-life, mental anguish, suffering, humiliation and embarrassment.

36.     Eldorado, PSG and Rick Joe Beck are each liable to Mr. Tilley for either statutory

damages or actual damages he has sustained by reason of its violations of the FCRA in an

amount to be determined by the trier fact, together with an award of punitive damages for the

reckless disregard for a Plaintiff's rights in the amount to be determined by the trier of fact, as

well as for reasonable attorneys' fees and costs.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**BY PSG, and RICK JOE BECK**

37.     Plaintiff realleges the above paragraphs as if recited verbatim.

38.     In enacting the FDCPA, Congress found that abusive debt collection practices

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and

to invasions of individual privacy. 15 U.S.C. 1692(a).

39.    Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

40.    Defendant PSG's and Rick Joe Beck's actions in reporting false credit information which is known to be false to Equifax and Trans Union constitutes a violation of the FDCPA. 15 U.S.C. §1692e(2), §1692e(8) and §1692f(1).

41.    In May, 2019, Mr. Tilley called PSG at the direction of Eldorado seeking documents from PSG regarding the debt. PSG required Mr. Tilley to send PSG a letter in order to request such information. PSG unfairly refused to provide any documents to Mr. Tilley without receiving a letter from him sent by USPS, in violation of 15 U.S.C. §1692f.

42.    Mr. Tilley sent the letter demanded by PSG, and on May 23, 2019, PSG responded to Mr. Tilley with some of the documents he requested.

43.    Even though the debt was too old for PSG or Eldorado to try to enforce via a lawsuit or a lien, the May 23, 2019 letter from PSG contained the implicit threat of each. Specifically, the May 23, 2019 letter stated:

> Please be advised that this office is not required to wait thirty (30) days before taking any action to collect this debt, including without limitation filing a lien or a lawsuit.

44.    The May 23, 2019 letter accordingly violated the FDCPA by implying that the nonpayment of the debt could result in the lawful attachment of Mr. Tilley's property (by filing a lien) in violation of 15 U.S.C. §1692e(4).

45.    The May 23, 2019 letter accordingly violated the FDCPA by threatening legal action that could not legally be taken, including "filing a lien or a lawsuit" in violation of 15 U.S.C. §1692e(5).

46. The May 23, 2019 letter contained additional violations under 15 U.S.C. §1692g as the letter was not mailed within five days of PSG's initial communication with Mr. Tilley and further provided improper and incorrect disclosures to Mr. Tilley required by 15 U.S.C. §1692g(a).

47. Mr. Tilley has suffered actual damages as a result of these illegal collection communications in the form of including out-of-pocket losses, credit denials, loss of credit opportunity, loss of time, and harm to quality-of-life, mental anguish, suffering, humiliation and embarrassment.

48. As a result of such violation, Defendants PSG and Rick Joe Beck are each liable to Mr. Tilley for statutory damages of $1,000.00, plus actual damages pursuant 15 U.S.C. 1692k.

## COUNT IV
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX AND TRANS UNION

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. At all times pertinent hereto, Defendants Equifax and Trans Union were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

51. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

52. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

53. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b),1681i and 1681g.

54.     The conduct of Defendants Equifax and Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants Equifax and Trans Union is each liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT VI
## DEFAMATION BY ALL DEFENDANTS

55.     Mr. Tilley realleges the above paragraphs as if recited verbatim.

56.     At all times pertinent hereto, all Defendants were publishing statements that are false and negative representations concerning Mr. Tilley's credit information and history.

57.     The conduct of each of the Defendants named in this action was a direct and proximate cause as well as a substantial factor in bringing about the serious injuries, damages, and harm sustained by Plaintiff, and as a result, all named Defendants are liable to compensate Mr. Tilley for the full amount of actual, statutory, and punitive damages as allowed by law.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

       (a)     Actual damages;

       (b)     Statutory damages;

       (c)     Punitive damages;

       (d)     Costs and reasonable attorney's fees;

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
4835 S. Peoria Avenue, Suite One
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
5889@paramount-law.net