# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BENJAMIN TILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No.: |
| v. | ) | 4:19-cv-00534-GKF-JFJ |
| | ) | |
| EQUIFAX INFORMATION SERVICES, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, Benjamin Tilley, pursuant to FRCP 37(b), FRCP 30(d)(2), FRCP 26(c), and this Court's inherent authority to redress vexatious litigation conduct, respectfully moves this Court to order that: (i) TransUnion reimburse Plaintiff for the costs and fees involved in taking TransUnion's deposition, (ii) an order that Defendant's witnesses be prepared and deposed in Oklahoma at its own cost, (iii) forbidding TransUnion from calling witnesses at trial who would offer testimony inconsistent with that given by the one it designated, (iv) forbidding TransUnion from presenting evidence on topics listed in the Rule 30(b)(6) notice on which it did not provide proper discovery, (v) to award Plaintiff its attorney fees and costs in bringing this Motion, and (vi) for any further relief this Court deems just and appropriate in light of the circumstances described herein.

Plaintiff took the deposition of the designated witness of Defendant TransUnion on September 27, 2020. The deposition was pursuant to a Notice served by Plaintiff on TransUnion, attached hereto as Exhibit 1 ("Plaintiff's Notice"). On September 17, 2020, TransUnion filed a Motion for to Quash and for Protective Order ("Motion for Protective

Order") with respect to Plaintiff's Notice, objecting *solely* to the date of the noticed deposition [Dkt. 54 and 55]. TransUnion's Motion for Protective Order made no objection to any of Plaintiff's areas of examination identified in Plaintiff's Notice.

On September 22, 2020, the parties participated in a telephonic hearing with the Honorable Judge Jodi Jayne with respect to Defendant's Motion for Protective Order. During the hearing, counsel for Defendant, Justin Sauls, represented to the Court that TransUnion had *no objection* to any of the areas of inquiry described in Plaintiff's Notice. The Court granted Defendant's Motion for Protective Order, ordered the deposition to occur on September 28, 2020, and further directed the parties to discuss any issues regarding areas of inquiry as stated in Plaintiff's Notice prior to the deposition.

Immediately after the September 22, 2020 hearing, counsel for Defendant Justin Sauls called counsel for Plaintiff and cemented TransUnion's position that it had *no objection* to any of Plaintiff's areas of inquiry as identified in the Plaintiff's Notice.  Among other things, Mr. Sauls told counsel for Plaintiff, "*I think we're good on topics and we'll charge ahead.*" "*I don't have any challenges to the topics.*" "*The date is the only thing we took issue with the whole time.*" "*We didn't challenge the topics, so that's what we're dealing with.*"

At the beginning of his deposition, Ms. Kapetanakis affirmed that she came to the deposition fully prepared to testify on behalf of TransUnion with respect all of the areas of inquiry listed in Plaintiff's Notice. However, throughout the deposition, Ms. Kapetanakis repeatedly answered that she didn't know information related to certain areas of inquiry, including, *inter alia*, the history of all changes to Defendant's file concerning Plaintiff for the life of the El Dorado Motors tradeline in question, defendant's contract with El Dorado Motors

or TransUnion's history with El Dorado, defendant's net worth and financial information, and

defendant's document retention policies. [1]

This Court stated the applicable legal principals for a deposition conducted pursuant to

Fed. R. Civ. P. 30(b)(6) in *ZCT Systems Group Inc. v. FlightSafety International*, (OKND 08-

CV-447-JHP-PJC, April 19, 2010):

> Fed. R. Civ. P. 30(b)(6) permits a party to name as the deponent a public or
> private corporation, a partnership, association, or governmental agency. The
> Rule 30(b)(6) deposition notice must describe with "reasonable particularity" the
> matters on which examination is requested. F.R.Civ.P. 30(b)(6). The
> organization named in the notice of deposition must then designate one or more
> persons who consent to testify on its behalf. Id. The corporate entity has an
> affirmative duty to designate the representative to speak on its behalf, answering
> questions that are within the scope of the matters described in the deposition
> notice and which are "known or reasonably available" to the company. *King v.*
> *Pratt & Whitney¸* 161 F.R.D. 475, 476 (S.D.Fla. 1995) (quoting Fed.R.Civ.P.
> 30(b)(6)). "By commissioning the designee as the voice of the corporation, the
> Rule obligates a corporate party `to prepare its designee to be able to give
> binding answers' in its behalf.'" *Rainey v. Am. Forest & Paper Ass'n, Inc*., 26
> F.Supp.2d 82, 94 (D.D.C.1998) (quoting Ierardi v. Lorillard, Inc., 1991 WL
> 158911, at *3 (E.D.Pa. Aug.13, 1991)). *See also, Kent Sinclair, Roger P.*
> *Fendrich*, "Discovering Corporate Knowledge and Contentions: Rethinking
> Rule 30(b)(6) and Alternative Mechanisms," 50 Ala. L. Rev. 651 [Spring 1999]
> (hereafter, "Sinclair and Fendrich") ("The entity designating a witness is ipso
> facto empowering that individual to give testimony admissible against the
> company.").
>
> If the organization fails to produce a designee with sufficient knowledge, it is
> required to produce an additional designee with adequate knowledge. *McKesson*
> *Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999); *Barron v.*
> *Caterpillar, Inc*., 168 F.R.D. 175, 177 (E.D.Pa. 1996).

---

[1]     A deposition transcript is currently being prepared by the court reporter and should be
available by October 2, 2020. However, TransUnion has declared the entire deposition
transcript "Highly Confidential" pursuant to the Court's Stipulated Protective Order entered in
this matter. Accordingly, Plaintiff requests that the Court either review the transcript *in camera*
or requests that Plaintiff be allowed to submit the transcript under seal once it has been
completed.

Fed. R. Civ. P. 30(b)(6) provides that if a party designates areas for examination, the corporate party "shall" designate someone to "testify as to matters known or reasonably available to the organization."  See Cupp v. Edward D. Jones, 2007 WL 982336, *1 (N.D. Okla. March 29, 2007). Under Rule 30(b)(6), "[The corporation] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, un-evasively, the questions posed by [the interrogator] as to the relevant subject matters." Mitsui & Co. v. Puerto Rico Water Resources Auth., 93 F.R.D. 62, 67 (D.P.R. 1981), cited in Protective Nat'l Ins. v. Commonwealth Ins., 137 F.R.D. 267, 277-78 (D. Neb. 1989) ("If [Rule 30(b)(6)] is to promote effective discovery regarding corporations the spokespersons must be informed").

In response to plaintiff's Rule 30(b)(6) deposition notice, TransUnion designated a witness who did not have personal knowledge of many of the areas of inquiry in Plaintiff's Notice and was inadequately prepared on numerous topics. During her deposition, Ms. Kapetanakis often *refused* to answer Plaintiff's questions, stating (without reason) that she needed to have documents presented to her in order to answer a question (ie., the date the account was first added to Plaintiff's credit report, how the balance changed over time, or what the balance was before it increased to over 1 million dollars) or would state that the information was not relevant.

Additionally, the deposition was hampered by numerous baseless objections made by TransUnion's counsel, seemingly made *almost after every question*, including numerous "*leading*" objections despite that Plaintiff was questioning Defendant's witness, not his own. As this Court has previously held, a lawyer's repetitive suggestive comments or objections

during deposition "violate(s) the letter and spirit of Fed. R. Civ. Pr. 30." <u>State Farm Mut. Auto.</u>

<u>Ins. Co. v. Dowdy</u>, 445 F. Supp. 2d 1289 at 1293 (N.D. Okla. 2006).

Defendant had the obligation to produce a prepared witness. <u>Starlight Int'l, Inc. v.</u>

<u>Herlihy</u>, 186 F.R.D. 626, 638 (D.Kan.1999) (holding that a corporation has a duty under Rule

30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on

behalf of the corporation") (quoting <u>Audiotext Communications Network, Inc. v. U.S.</u>

<u>Telecom, Inc.</u>, 1995 WL 625962, at *13 (D.Kan.1995)). Producing an unprepared witness is

tantamount to failure to appear. *U.S. v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996). *See also*

<u>RTC v. Southern Union Co</u>., 985 F.2d 196 (5th Cir. 1993) (if the agent is not knowledgeable

about relevant facts, and the principal has failed to designate an available, knowledgeable, and

readily identifiable witness, then the appearance is, for all practical purposes, no appearance at

all).

Plaintiff's effort to depose a knowledgeable witness was frustrated by the unfamiliarity

of the witness with designated subjects, her refusal to answer questions, and repeated baseless

objections asserted by counsel for Defendant throughout the course of the deposition. The

designee did not meet the well-known obligation to be as prepared as possible. Plaintiff's

counsel's obstructionist tactics has caused severe prejudice to Plaintiff.

Because TransUnion failed to comply with its obligation to produce a sufficiently

prepared witness and this Court's implicit order to do so, the Court may issue an exclusionary

order under FRCP 37(b)(2). As one authoritative commentator has observed:

> A court might also sanction a party that has failed to satisfy its Rule 30(b)(6)
> duties by limiting the evidence it could present, either by forbidding it from
> calling witnesses who would offer testimony inconsistent with that given by the
> one it designated, or by forbidding it from presenting evidence on topics listed in
> the Rule 30(b)(6) notice on which it did not provide proper discovery. Such a
> sanction would be consistent with Rule 37(c)(1), which more generally

`                                                5

> authorizes a court to forbid a party from submitting evidence it failed to provide as required through discovery. It also could resemble the court's invocation of the "sham affidavit" doctrine to forbid a party opposing summary judgment to retract its admissions in a deposition in an effort to create a triable issue that would defeat summary judgment.

8A Fed. Pract. & Proc. § 2103 (Wright and Miller).

Additionally, FRCP 30(d)(2) authorizes this Court to impose an "appropriate sanction" on any person who "impedes, delays, or frustrates the fair examination of the deponent." A lawyer's repetitive suggestive comments or objections during deposition violates the spirit and intent of Rule 30. See Damaj v. Farmers Ins. Co., 164 F.R.D. 559, 560-61 (ND. Okla. 1995). TransUnion's counsel's repeated, baseless objections warrants the Court to impose sanctions in addition to merely awarding Plaintiff its attorney fees and costs for bringing this Motion or retaking the deposition. Under 28 USC § 1927, this Court also has the authority to punish vexatious litigation conduct, such as TransUnion's conduct here. See American Directory Service Agency, Inc. v. Beam, 131 F.R.D. 15, 18-19 (D.D.C. 1990) (where lawyer made repeated objections, made puerile arguments with opposing counsel, and made vexatious requests for clarification, counsel must pay fees for vexatious conduct under 28 USC § 1927).

CONCLUSION

Accordingly, Plaintiff requests (i) TransUnion reimburse Plaintiff for the costs and fees involved in taking the deposition, (ii) an order that Defendant's witnesses be prepared and deposed in Oklahoma at its own cost, (iii) an order forbidding TransUnion from calling witnesses who would offer testimony inconsistent with that given by the one it designated, (iv) on order forbidding TransUnion from presenting evidence on topics listed in the Rule 30(b)(6) notice on which it did not provide proper discovery, (v) to award Plaintiff its attorney fees and costs in bringing this Motion, and (vi) for any further relief this Court deems just and

appropriate in light of the circumstances described herein.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591



1202 E. 33rd St.
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2020, I caused a copy of the foregoing document to be
filed with the Court's CM/ECF system, causing electronic the foregoing document to be
delivered to all counsel of record in this matter.

/s/ Victor R. Wandres